IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RODGER DAY, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | **No.** |
| v. | **Judge** |
| **NUCO2 MANAGEMENT, LLC** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Rodger Day ("Plaintiff"), on behalf of himself and all others similarly situated, known and unknown, through his attorneys and for his Complaint against Defendant NuCO2 Management, LLC ("Defendant" or "NuCO2"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.,* and the Illinois Minimum Wage Law ("IMWL") 820 ILCS 105/1, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly situated employees earned overtime wages.

2. During the prior three (3) years, Plaintiff worked for Defendant in the job positions of "Install Supervisor" and "Flex Installer" (collectively "installer").

3. Other similarly-situated employees worked for Defendant as installers.

4. As an installer, Plaintiff performed an overwhelming amount of time doing manual labor, by himself, at customer locations (typically at restaurants, bars, gas stations, and convenience stores) performing installations and/or repairs.

5. For purposes of the overtime provisions of the FLSA and the IMWL, Defendant misclassified Plaintiff and other installers as "exempt" employees, while regularly requiring Plaintiff and other installers to work more than forty (40) hours per week.

6. Plaintiff spent the majority of his work time performing the same or similar duties as non-exempt, hourly-paid sales employees.

7. Other installers spent the majority of their work time performing the same or similar duties as non-exempt, hourly-paid sales employees.

8. Defendant classified Plaintiff as an exempt employee and did not pay Plaintiff overtime compensation when he worked more than forty (40) hours during individual work weeks.

9. Defendant classified other installers as exempt employees and did not pay other installers overtime compensation when they worked more than forty (40) hours during individual work weeks.

10. Plaintiff brings his FLSA overtime claim as a collective action under the FLSA. 29 U.S.C. § 216(b). Plaintiff's written consent form to act as a representative Plaintiff under the FLSA is attached hereto as Exhibit A.

## THE PARTIES

11. Plaintiff Rodger Day resides in and is domiciled in Rockford, Illinois and he performed work for the Defendant within this judicial district.

12. Defendant NuCO2 is a Delaware company with its principal place of business in Florida.

13. Defendant operates throughout the United States and has employed approximately 150 installers during the prior three (3) years.

14. Plaintiff has been employed by Defendant as an "Install Supervisor" since November, 2015 within this judicial district. Between 2011 and November 2015, Defendant employed Plaintiff as a "Flex Installer" likewise in this judicial district.

15. Plaintiff was an "employee" of Defendant as that term is defined by the FLSA, 29 U.S.C. § 203(e), and the IMWL, 820 ILCS 105/3(d).

16. Other installers were "employees" of Defendant as that term is defined by the FLSA. 29 U.S.C. § 203(e).

17. Defendant was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

18. Defendant was the "employer" of other installers as that term is defined by the FLSA. 29 U.S.C. § 203(d).

19. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

20. At all relevant times, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

## JURISDICTION & VENUE

21. This Court has original jurisdiction over Plaintiff's FLSA claim under 29 U.S.C. § 1331.

22. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

23. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to Plaintiff's claims occurred within this

judicial district.

## COMMON FACTUAL ALLEGATIONS

24. During Plaintiff's employment by Defendant, he was not a supervisor or manager for purposes of the executive employee exemption to the FLSA. 29 U.S.C. § 213(a)(1).

25. The primary duties performed by Plaintiff were non-exempt, including spending 95% of his time at customer locations (typically at restaurants, bars, gas stations, and convenience stores) performing installations and/or repairs. Typical examples include running $CO_2$ lines, performing installations, and setting up $CO_2$ tanks. Plaintiff performs this work on his own.

26. The primary duties performed by other installers were the same, non-exempt job duties.

27. Plaintiff did not exercise any meaningful degree of independent judgment or discretion with respect to the exercise of his duties, and was required to follow policies, practices, and procedures dictated by Defendant.

28. Other installers did not exercise any meaningful degree of independent judgment or discretion with respect to the exercise of their duties, and were required to follow policies, practices, and procedures directed by Defendant.

29. For example, as an installer, Plaintiff did not have the authority to: (a) hire employees; (b) fire employees; (c) set employees' regular work schedules; (d) suspend employees; (e) set employees' rates of pay; (f) set or create budgets; or (g) determine what materials to buy or stock.

30. As an installer, Plaintiff had no authority to hire or fire and his suggestions and recommendations regarding hiring other employees were not followed and were not given

particular weight.

31. As an installer, Plaintiff was supervised by a manager who had the authority to hire, fire, and promote other employees.

32. Other installers were supervised by a manager who had the authority to hire fire and promote other employees.

33. Defendant dictated the day-to-day tasks that Plaintiff performed.

34. Defendant, not Plaintiff, dictated the day-to-day tasks that installers performed.

35. Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

36. Defendant regularly required other installers to work more than forty (40) hours per week.

37. As an installer, Plaintiff was required to punch a time clock and otherwise record his time worked for Defendant.

38. Defendant kept records of the hours worked by Plaintiff during his employment as an installer.

39. Defendant kept records of the hours worked by other installers.

40. As part of its regular business practice, NuCO2 willfully engaged in policies or practices that violated the FLSA with respect to Plaintiff and other installers. Those policies or practices included:

    a. Willfully failing to pay Plaintiff and other installers overtime wages for time they spent working in excess of forty (40) hours during individual work weeks; and

    b. Willfully misclassifying Plaintiff and other installers as exempt employees under the FLSA.

5

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Plaintiff on behalf of himself and other similarly situated installers – Collective Action)

41. Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

42. Plaintiff asserts this claim for unpaid overtime wages pursuant to the FLSA on behalf of himself and all similarly situated installers pursuant to 29 U.S.C. § 216(b).

43. This Count arises from Defendant's failure to pay Plaintiff and other installers overtime wages at one and one-half times their regular rates of pay when they worked more than forty (40) hours during individual work weeks, in violation of the FLSA. 29 U.S.C. § 207.

44. Although the primary duties performed by Plaintiff were non-exempt, Defendant willfully misclassified Plaintiff as exempt from the overtime provisions of the FLSA.

45. Although the primary duties performed by other installers were non-exempt, Defendant willfully misclassified other installers as exempt from the overtime provisions of the FLSA.

46. Defendant's violations of the FLSA have been willful, and therefore a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

47. As a result of Defendant's willful violations of the FLSA, Plaintiff and other installers have suffered damages by being denied owed overtime wages.

WHEREFORE, Plaintiff and similarly situated installers request a judgment against Defendant as follows:

    A. Judgment in the amount of one and one-half times their regular rates of pay for all hours Plaintiff and similarly situated installers worked in excess of forty (40) hours per week, as provided by the FLSA;

    B. Liquidated damages in an amount equal to the amount of unpaid overtime wages owed to Plaintiff and other installers, as provided by the FLSA;

    C.    Reasonable attorneys' fees and costs incurred in prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiff - individually)

48. Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

49. The matters set forth in this count arise from Defendant's violation of the overtime provisions of the IMWL, 820 ILCS 105/4a. Plaintiff brings this claim individually.

50. Although the primary duties Plaintiff performed were non-exempt, Defendant misclassified Plaintiff as exempt from the overtime provisions of the IMWL.

51. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked over forty (40) hours.

52. Defendant did not pay Plaintiff one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours per week.

53. Defendant violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular rate for all time worked in excess of forty (40) hours per week.

54. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of the under payments.

WHEREFORE, Plaintiff requests a judgment against Defendant as follows:

    A.    Judgment in the amount of one and one-half times Plaintiff's regular rate of pay for all time Plaintiff worked in excess of forty (40) hours during individual work weeks;

    B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

  C. Reasonable attorneys' fees and costs incurred in prosecuting this action; and

  D. Such other and further relief as this Court deems appropriate and just.

             Respectfully submitted,

Dated: March 22, 2018

             s/Douglas M. Werman
             One of Plaintiff's Attorneys

Douglas M. Werman - dwerman@flsalaw.com
Maureen A. Salas - msalas@flsalaw.com
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
(312) 419-1008

David J. Fish – dfish@fishlawfirm.com
Kimberly Hilton – khilton@fishlawfirm.com
John Kunze – kunze@fishlawfirm.com
THE FISH LAW FIRM, P.C.
200 E 5th Ave., Suite 123
Naperville, IL 60563
(630) 355-7590